Arthur Wachtel, J.
Upon the foregoing papers this motion is denied. The alleged contract provided that the “ exclusive right to sell or to contract to sell ” the property was given to plaintiff, and that he was to be paid certain commissions £ ‘ at the rate of 10% on the land and 5% on the building of the total purchase price ” — ££ upon any sale or contract for sale of said real estate ” —££ whether such sale be made by yourself, by myself, by ourselves or any other person, firm or corporation, or whether at the price and upon the terms stated herein, or at a different price or upon other terms, provided such price or other terms shall first be accepted by me ”. These terms are typewritten on plaintiff’s letterhead. Written in longhand are the following insertions: ££ The owner shall have the right to sell the above property to Bob Mastro of Monticello, N. Y. In such event, the owner agrees to pay the broker $400. commission. If the owner himself shall sell, the commission shall be $500.”
Plaintiff contends that defendant entered into a contract to sell the property to one Aaron Bring for $9,000 and even though this contract was not consummated, is entitled to commissions of $712.50 on the basis of the amount of said contract. If plaintiff’s argument were to prevail, then defendant would be liable for $712.50 on the basis of contract to sell; yet he would only be liable for $500 if he should ££ sell ”. The defendant alleges in his bill of particulars that plaintiff represented to him prior to the execution of the contract ££ that unless there was an actual closing of title and the receipt of consideration thereof by the defendant for the sale of his property, that plaintiff would make no demand for any commissions whatever ”, There was at least an ambiguity in respect of the words ££ sale or contract for sale ”,££ sale ”, and ££ sell and whether the contract was in fact intended to give plaintiff the right to commissions in the event of a contract to sell only, executed by the owner. Parol evidence is admissible in this respect. (Cf. O'Connor-Sullivan v. Otto, 283 App. Div. 269, motion for leave to appeal denied 283 App. Div. 762.)